# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. NESTOR MEDINA, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 09 C 7345<br>) |
| DONALD GAETZ, Warden, Menard Correctional Center, | ) Judge Rebecca R. Pallmeyer<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Nestor Medina was convicted in 2003 of aggravated criminal sexual assault, aggravated kidnaping, and aggravated false impersonation of a police officer. He is serving a sentence of 80 years. On November 20, 2009, Medina filed a petition for *habeas corpus* under 28 U.S.C. § 2254. Respondent Gaetz moved to dismiss the petition as time-barred under the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). On April 23, 2010, this court denied Respondent's motion. Respondent now asks the court to reconsider its ruling. For the reasons explained here, the court concludes that its April 23, 2010 order was in error. The court therefore grants Respondent's motion for reconsideration, vacates its previous order, and dismisses Medina's § 2254 petition as time-barred under § 2244(d)(1).

## BACKGROUND

**State Court Proceedings**

On November 13, 2003, following a jury trial in the Circuit Court of Cook County, Illinois, Petitioner Nestor Medina was convicted of aggravated criminal sexual assault, aggravated kidnaping, and aggravated false impersonation of a police officer. (Respondent's Mot. to Dismiss the Petition for Writ of *Habeas Corpus* as Time-Barred ("Resp.'s Mot. to Dismiss") at 1-2.) Following his conviction, the trial court sentenced Medina to consecutive prison terms: 50 years for aggravated criminal sexual assault and 30 years for aggravated kidnaping, with an additional five-

year concurrent sentence for aggravated false impersonation of a police officer. (Order, Ex. A to Resp.'s Mot. to Dismiss at 1.) The Illinois Appellate Court affirmed Medina's conviction on August 23, 2005. (*Id.* at 2). On May 24, 2006, the Illinois Supreme Court denied his petition for leave to appeal ("PLA"). (Ex. C to Resp.'s Mot. to Dismiss.) Medina did not seek review by the United States Supreme Court.

On December 26, 2006, Medina filed a post-conviction petition in the Circuit Court of Cook County. (Post-conviction Petition, Ex. D to Resp.'s Mot. to Dismiss.) That court promptly dismissed the petition, stating in an order dated January 9, 2007 that it found Medina's claim "entirely frivolous and patently without merit." (Order, Ex. E to Resp.'s Mot. to Dismiss at 11-12.) Medina filed a notice of appeal on February 9, 2007, but his appointed counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987)[1], acknowledging that the appeal "would be without arguable merit." (Mot. to Withdraw as Counsel, Ex. F to Resp.'s Mot. to Dismiss at 1-2.) On May 15, 2008, the Illinois Appellate Court granted the motion and affirmed the circuit court's denial of post-conviction relief. (Order, Ex. G to Resp.'s Mot. to Dismiss at 3.) Medina sought leave to appeal to the Illinois Supreme Court, but his PLA was denied on November 26, 2008. (Ex. I to Resp.'s Mot. to Dismiss.) Several months later, on February 9, 2009, Medina filed a petition for a writ of *certiorari*, which the United States Supreme Court denied on October 13, 2009. (Resp't.'s Mot. for Reconsideration at 2, n.1.)

**Medina's § 2254 Petition**

On November 20, 2009, Medina filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, raising seven claims. (Resp.'s Mot. for Reconsideration at 4-5.) Medina asserted that: (1)

---

[1] In *Finley*, the Court held that prisoners have no federal constitutional right to appointed counsel for collateral attacks on their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1990). As a result, a state may constitutionally allow appointed counsel to withdraw where a post-conviction appeal would be frivolous without abiding by the procedures set forth in *Anders v. California*, 386 U.S. 738 (1967). *Finley*, 481 U.S. at 554-56.

the state circuit court reviewing his post-conviction appeal erred in dismissing his petition based on its assessment of the "gist" of his constitutional claims; (2) the state trial court erred in giving the jury conflicting instructions on aggravated kidnaping; (3) he did not receive a fair and impartial trial because of a "pervasive" pattern of misconduct by the prosecutor; (4) the aggravated offenses of which he was convicted were not proven beyond a reasonable doubt; (5) his trial counsel was rendered ineffective by failing to object to "false and misleading statements" by the prosecutor, the conflicting/improper instructions given to the jury, and the "improper and excessive" sentence imposed by the court; (5) his appellate counsel was rendered ineffective by failing to raise all of Medina's proposed claims; (6) his sentence was "excessive and barbaric"; and (7) these factors cumulatively deprived him a fair trial. (Resp.'s Mot. to Dismiss at 4-5.)

In March 2010, Respondent Gaetz moved to dismiss Medina's petition as untimely under the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). (Minute Order, denying Resp.'s Mot. to Dismiss at 1, D.E. 18.) In support, Respondent observed that Medina's conviction became final on August 22, 2006, 90 days after the PLA was denied by the Illinois Supreme Court. (*Id.*) The statute of limitations clock started at that time and ran for 125 days until December 26, 2006, when it was tolled by Medina's filing of a state post-conviction petition. (*Id.*) The statute began running again on November 26, 2008, Respondent urged, when the Illinois Supreme Court denied Medina's PLA. Medina's § 2254 petition was not filed until November 20, 2009–116 days too late, according to Respondent.

In the original motion to dismiss, Respondent mistakenly asserted that Medina had not properly filed a petition for a writ of *certiorari* with the United States Supreme Court following his state post-conviction proceedings. (*Id.*) In fact, as Medina pointed out in his response to the motion, he had filed such a petition. That petition, Medina asserted, further tolled the limitations period. (Resp. to Mot. to Dismiss, D.E. 16.) Respondent's reply made no mention of the *certiorari*

petition and stated simply that Respondent would "rest on the facts and arguments put forward" in his original motion. (*Id.*) On April 23, 2010, this court denied the motion to dismiss and ordered Gaetz to file an answer to the petition. (*Id.*)

In the instant motion for reconsideration, filed on April 26, 2010, Respondent acknowledges that he was mistaken in asserting that Medina had not filed a petition for a writ of certiorari with the United States Supreme Court. He urges, however, that Medina's petition should nevertheless be dismissed as untimely under § 2244(d)(1)(A). (Resp.'s Mot. for Reconsideration at 1-4.) As the Supreme Court stated in *Lawrence v. Florida*, a "petition for writ of certiorari following state post-conviction review does not toll the statute of limitations under § 2244(d)(2)." 549 U.S. 327, 332 (2007). Respondent further requests that the court to revise its statement in the April 23, 2010 that "Gaetz appears to acknowledge that the filing of a petition of a petition for writ of certiorari . . . would have again stopped the clock . . . ." (*Id.* at 4; Minute Order at 4, D.E. 13.) To the contrary, Respondent urges, *Lawrence* supports the position that the pendency of a petition for *certiorari* to the Supreme Court following state post-conviction proceedings does nothing to toll AEDPA's statute of limitations. (Resp't.'s Mot. for Reconsideration at 4.)

## DISCUSSION

There is technically no "motion to reconsider" explicitly contemplated under the Federal Rules of Civil Procedure, but this court may consider such motions under Rule 59(e) (for motions to amend or alter judgment), or Rule 60(b) (for motions for relief from judgment). *See Ho v. Taflove*, No. 07 C 4305, 2010 WL 165869, *7 (N.D. Ill. Jan. 15, 2010). Respondent argues that he is entitled to reconsideration because the court misinterpreted his argument and committed legal error in denying the earlier motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (a motion for reconsideration based on an error of law is analyzed under Rule 59(e)). The court agrees that its previous order reflects an error of law in light of *Lawrence*; for the reasons stated below, Respondent's motion is granted.

4

AEDPA, 28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations upon a prisoner who files a petition for a writ of habeas corpus under 28 U.S.C. § 2254 following judgment by a state court. 28 U.S.C. § 2244(d)(1). Under this provision, the limitations period begins running from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute goes on, however, to explain that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Because neither Petitioner nor Respondent has made an argument that § 2244(d)(1)(B)-(D) are at issue here, the court focuses its attention exclusively on the applicability of § 2244(d)(1)(A). (*See* Resp't.'s Mot. to Dismiss at 7.)

The Illinois Supreme Court denied Medina's first PLA on May 24, 2006, and the statute of limitations began to run 90 days later, on August 22, 2006. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) (reaffirming prior case law that held that, for a prisoner who does not petition for a writ of certiorari, conviction becomes final upon the expiration of the time in which he may file such a petition); SUP. CT. R. 13 (stating that a petition for a writ of certiorari must be filed with the Clerk of the U.S. Supreme Court within 90 days after judgment is entered). Respondent contends—and Medina does not dispute—that 125 days then elapsed before the limitations period

was tolled by the filing of Medina's state petition on December 26, 2006. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations, Respondent urges, began to run again upon denial of Medina's post-conviction PLA by the Illinois Supreme Court on November 26, 2008, leaving Medina only 240 days in which to file a timely petition for habeas relief. (Resp't.'s Mot. to Dismiss at 7-8.) Citing *Lawrence*, Respondent argues that the statutory clock was *not* tolled during the time that Medina's post-conviction petition for certiorari was pending. (Resp't.'s Mot. for Reconsideration at 3.) Thus, Respondent urges, the statutory period ended on July 27, 2009, 116 days before Medina filed his § 2254 petition in this court.

Having reviewed the record and relevant case law, the court concludes that its April 23, 2010 order was in error. Respondent now acknowledges that, contrary to his earlier statements, Medina did file a petition for a writ of certiorari, but notes that the petition did not serve to toll the AEDPA limitations period. (*See* Resp.'s Mot. for Reconsideration at 2.) Respondent's reading of *Lawrence* is correct. In *Lawrence*, the Supreme Court held that a plain reading of § 2244(d)(2) supports the interpretation that the statute of limitations is tolled only during *state* review of post-conviction appeals, and not during the Supreme Court's consideration of a petition for a writ of *certiorari* following such proceedings. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *see also Duncan v. Walker*, 533 U.S. 167, 172-174 (2001) (holding that the word "state" modifies both "post-conviction" and "other collateral review" in § 2244(d)(2)). The Court reasoned that § 2244(d)(1)'s limitations provision and §2244(d)(2)'s tolling provision work together to ensure that prisoners first exhaust their state remedies before filing any federal habeas petition. *Lawrence*, 549 U.S. at 333 (quoting *Duncan*, 533 U.S. at 179, 181). A petition for a writ of *certiorari*, however, the Court explained, is not part of a prisoner's choice of state remedies. *Lawrence*, 549 U.S. at 333. *Cf. Johnson v. Chandler*, 224 F. Appx. 515, 518 (7th Cir. 2007) (citing *Lawrence* in support of the conclusion that district court erred when it excluded the 90 days during which petitioner could have, but did not, file a petition for certiorari). Thus, it has no tolling effect.

In response, Medina cites *Carey v. Saffold*, 536 U.S. 214, 217 (2002) (Pet.'s Resp. at 2), but that case does not support his tolling argument. In *Carey*, the Supreme Court held that the term "pending" in § 2254(d)(2) "cover[s] the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002). The petitioner in *Carey* did not file a *certiorari* petition, so the Court was not faced in that case with the question whether such a petition would act to toll the limitations period. Thus *Carey* is inapposite here. Nor is Medina's mention of *Clay v. United States*, 537 U.S. 522 (2003) helpful to his cause. In *Clay*, the Court held that AEDPA's one-year statute of limitations period starts to run "when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction," should the petitioner not seek direct review by the Supreme Court. 537 U.S. at 525. Again, *Clay* did not address the question of whether the time for filing a federal habeas petition is tolled during the *pendency* of a *certiorari* petition.

*Lawrence* plainly controls in this case. The court, therefore, erred when it failed to recognize that the statute of limitations set forth in § 2244(d) was *not* tolled during the pendency of Medina's petition for *certiorari*. The statute of limitations began running on August 22, 2006—90 days after Medina's PLA was denied by the Illinois Supreme Court—and was tolled 126 days later on December 26, 2006, the date that Medina filed his post-conviction petition.[2] The statute remained tolled until November 26, 2008, when the Illinois Supreme Court denied Medina's PLA pursuant to his post-conviction petition. Thus, Medina had 239 days—until July 23, 2009—to bring a timely petition for federal habeas relief. Medina's § 2254 petition, filed on November 20, 2009, was 120

---

[2] The court acknowledges that its calculations differ slightly from Respondent's calculations. The court calculates the accrual of time in the statute of limitations based on Rule 6 of the FRCP, which directs the court to exclude the day that "triggers the period" but to "include the last day of the period." FED. R. CIV. P. 6(a). Rule 6 also states that the court should count intermediate weekends and legal holidays towards, and that if the last day of the period is a weekend day or a legal holiday, to count the next day that is not a weekend day or a legal holiday. *Id.*

days too late.  His untimely petition is dismissed.

## **CONCLUSION**

Respondent's motion for reconsideration is granted, and Medina's habeas petition is dismissed as time-barred.

ENTER:

Dated:    July 12, 2010

_____
REBECCA R. PALLMEYER
United States District Judge